**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1035
_____

XING YING ZHENG,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals

(Agency No. A95-710-374)

Immigration Judge: Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 21, 2023

(Filed  September 27, 2023)

Before:  RESTREPO, MCKEE, RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Xing Ying Zheng petitions for review of the Board of Immigration Appeals' denial of her second motion to reopen. Generally, a respondent is limited to one motion to reopen to be filed within 90 days of a final administrative order, though equitable tolling is sometimes warranted. *See* INA § 240(c)(7))(C)(i); *see also Borges v. Gonzales*, 402 F.3d 398, 407 (3d Cir. 2005) ("[B]y virtue of equitable tolling his motion to reopen was timely filed"). The BIA here found Zheng was not entitled to equitable tolling, and, in any event, she had not made out a prima facie case that she was entitled to the underlying relief she sought, and denied the motion. A4-A5.

Zheng urges that the denial of her motion to reopen was an abuse of discretion, Pet'r's Br. 12, and that she qualified for equitable tolling and has shown prima facie eligibility for cancellation of removal. *Id.* at 18. She also seeks review of the agency's decision not to reopen sua sponte. *Id.* at 15. Because Zheng did not establish prima facie eligibility for cancellation of removal, and because the sua sponte determination is discretionary and thus not reviewable, we will deny Zheng's petition.

### I.[1]

"Review of the BIA's decision to deny a motion to reopen is under a highly deferential abuse of discretion standard. The discretionary decision is not disturbed unless it is found to be arbitrary, irrational, or contrary to law." *Alzaarir v. Att'y Gen. of U.S.*, 639 F.3d 86, 89 (3d Cir. 2011) (citation omitted). Such deference helps avoid

---

[1] We have jurisdiction under 8 U.S.C. § 1252.

unnecessary delays in immigration proceedings. *See Sevoian v. Ashcroft*, 290 F.3d 166, 171-72 (3d Cir. 2002).

"A motion to reopen must establish prima facie eligibility for asylum." *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004). "[T]he prima facie case standard for a motion to reopen ... requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief." *Id.* (citing *Sevoian*, 290 F.3d at 175) (internal quotation marks and alterations omitted).

We need not address Zheng's argument regarding equitable tolling because, even if we were to toll the time limit, she could not prevail on the merits. The BIA determined that Zheng's motion was "devoid of evidence" concerning the potential hardship of her qualifying relatives, and therefore she had not made out a prima facie case for the underlying substantive relief she sought. A5. As noted by the BIA, Zheng's presentation of qualifying relatives, without more, was insufficient. *Id.* ("[S]he has not supported her motion with any evidence that they would experience exceptional and extremely unusual hardship if she were removed from the United States.") Since "[a] motion to reopen must establish prima facie eligibility for asylum," the BIA's decision was reasonable. *Guo* 386 F.3d at 563; Resp't's Br. 14.

Zheng also appeals the BIA's decision not to reopen sua sponte. Pet'r's Br. 15. However, "[b]ecause 'orders by the BIA declining to exercise its discretion to reopen sua sponte are functionally unreviewable,'" we lack jurisdiction to review the BIA's decision. *Darby v. Att'y Gen. of United States*, 1 F.4th 151, 164 (3d Cir. 2021) (citation omitted).

3

## II.

For the foregoing reasons, we deny the petition for review.